IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. No.: 7:18-cr-413 |
| Holly Mitchem, | ) | |
| Defendant. | ) | |

### SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

Defendant, Holly Mitchem, by and through the undersigned counsel, hereby respectfully requests this court impose a sentence that is below the recommended Guideline range. Ms. Mitchem contends that 18 U.S.C. § 3553(a) as applied to Ms. Mitchem's case supports a sentence of time served with probation.

### BACKGROUND:

Ms. Mitchem was born on August 20, 1980 in Spartanburg County, South Carolina to the marital union of John and Crystal Mitchem. Ms. Mitchem has never been married; she has no children. Ms. Mitchem has been employed at ZF Transmissions since April 2018. Prior working at ZF Transmissions, Ms. Mitchem was employed from August 2016 until November 2017 with MAU Solutions for BMW, and from April 2010 until June 2016 with Tyger River Correctional Institution. Ms. Mitchem is a lifelong resident of Spartanburg County.

### FACTUAL SUMMARY:

On April 18, 2018, a Grand Jury for the District of South Carolina returned a two-count Indictment against the Ms. Mitchem. The Grand Jury charged that while employed at the South Carolina Department of Corrections, Ms. Mitchem accepted bribes to smuggle contraband into a SCDC institution for inmates.

COUNT 1: (Use of Interstate Facility to Facilitate Bribery). In or around September 2015 through June 2016, in the District of South Carolina, the Defendant Holly Mitchem used a facility in interstate commerce, with intent to promote, establish, carry on, and facilitate unlawful activity; to wit,

    a. bribery in violation of SC Code Ann. §8-13-705; that is, Defendant Holly Mitchem, directly and indirectly, knowingly accepted, received, and agreed to receive something of value as a public official in South Carolina for herself and another in return for being influenced in the discharge of her official responsibilities; and

    b. bribery in violation of SC Code Ann. §16-9-220; that is, Defendant Holly Mitchem corruptly accepted something of value and a promise to supply something of value as an officer in South Carolina for her benefit in exchange for the improper use of the power of her position; and thereafter performed and attempted to perform an act to promote, establish, carry on, and facilitate the unlawful activity. All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

COUNT 2: (Honest Services Wire Fraud Conspiracy). In or around September 2015 through June 2016, in the District of South Carolina, the Defendant Holly Mitchem knowingly did conspire and agree with others known and unknown to devise and intend to devise a scheme and artifice to defraud and deprive South Carolina, and its citizens, of the right to honest and faithful services of Holly Mitchem through bribery and to knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate commerce signals, signs, and sounds for the purpose of executing such scheme and artifice. All in violation of Title 18, United States Code, Sections 1349, 1346, and 1343.

Ms. Mitchem entered a guilty plea to Count 1 of the Indictment.

Ms. Mitchem served 5 days while awaiting bond; from April 25, 2018 – April 30, 2018.

**THE 18 U.S.C. § 3553(a) FACTORS WEIGH IN FAVOR OF TIME SERVED WITH PROBATION**

<u>United States v. Booker</u>, 543 U.S. 220, 226 (2005), held that the mandatory application of the United States Sentencing Guidelines is a violation of the Sixth Amendment.  Therefore, a sentencing court is required to consider the advisory sentencing guideline range along with the statutory factors set forth in 18 U.S.C. § 3553(a), specifically (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the basic aims of sentencing, namely, (a) "just punishment" (retribution), (b) deterrence, (c) public protection, (d) rehabilitation; (3) the sentences legally available; and (6) the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a); *see also* <u>Rita v. United States</u>, 551 U.S. 338, 347-48 (2007).  Here, certain of these factors militate toward sentencing Ms. Mitchem below the proposed guideline range.

(1) **The nature and circumstances of the offense and the history and characteristics of the defendant.**

As noted, Ms. Mitchem is a lifelong resident of Spartanburg County, South Carolina who has a very strong work history. She has been employed in her current position for almost two years and has been promoted from assembly line work to front office work. She has a solid work history and, but for the 2 occasions leading to this indictment, no criminal history. She has resided at the same address for more than 15 years and maintains a long-term stable relationship. She has a loving family who has been supportive of her throughout this ordeal. The fact that she has found herself in this position in punishment. She has worked hard to overcome the embarrassment she placed on her family and accepted responsibility for her actions. Sending Ms. Mitchem to prison will not advance any of the other purposes of sentencing set out in 18 U.S.C. § 3553.   It is fitting for the

Court to be lenient, considering Ms. Mitchem's otherwise lawful life. A sentence of time served with probation is just and reasonable.

**(2) The need for the sentence imposed:**

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

When devising a sentence under Section 3553(2), the Court should consider "the offender as well as the offense, keeping in mind that it is not "severe punishment that promotes respect for the law, it is *appropriate* punishment."" United States v. Olhovsky, 562 F.3d 530, 549-51 (3d Cir. 2009) (emphasis in original). Ms. Mitchem contends that a sentence of time served with probation will satisfy the statutory factors in Section 3553(2). Ms. Mitchem is a tax-paying citizen who has worked diligently to make amends for her indiscretions. After she was released on bond, she secured steady employment and has been gainfully employed and a model worker since that time. Any amount of jail time would negatively impact her ability to work, as she will certainly be terminated from her current position. Moreover, a felony conviction will affect future employment opportunities. Because she is gainfully employed, she has no need for educational or vocational training.

Ms. Mitchem is not a dangerous woman who needs to be imprisoned to protect the public. Ms. Mitchem was indicted in the Court General Sessions in South Carolina for these same charges and was accepted into the State Court's Pre-trial Diversion Program. Ms. Mitchem paid all fines and completed the program successfully.

A sentence of time served with probation with whatever conditions the Court deems just and proper is "sufficient, but not greater than necessary" to impose just punishment on Ms. Mitchem.

**CONCLUSION**

The mitigating circumstances relating to Ms. Mitchem personal characteristics, family circumstances, history of good works and employment history support a sentence of time served probation in this case.

Based upon the information presented in this Memorandum, the Presentence Report, and as may further be supplemented orally at the sentencing hearing, Counsel respectfully submits that under the provisions of 18 U.S.C. Section 3553(a), the Court should depart downward on Ms. Mitchem's sentence.

Respectfully Submitted,

S/Stephanie A. Rainey
Fed. I. D. No.: 7768
Rainey & Brown, PA
145 N. Church Street, Suite 210
Spartanburg, SC 29306
Phone: (864) 573-7531
Fax: (864) 573-7660
Attorney for Holly Mitchem

Date: January 2, 2020